

FILED
CLERK, U.S. DISTRICT COURT

MAR 16 2026

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CELSO PATRICIO REYES PUAC,<br><br>Defendant. | Case No.  5:26-mj-00134<br><br>ORDER OF DETENTION |

On March 16, 2026, Defendant Celso Patricia Reyes Puac made his initial appearance on the Complaint in this matter. The Office of the Federal Public Defender, and DFPD Claire Kennedy, was appointed to represent Mr. Reyes Puac. After a contested detention hearing, the Court ordered Mr. Reyes Puac detained.

The Court makes the following findings:

☐    On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒    On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☐ the safety of any person or the community.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

The Court bases its conclusions on the following:

As to risk of non-appearance:

Mr. Reyes Puac's family ties are primarily to Guatemala; his parents, siblings, and child all live there. Mr. Reyes Puac does not have a stable residence, as it appears he is no longer welcome in his brother and sister-in-law's house, based on the Pretrial Services Report. No family member has stepped forward to serve as a surety. Given his somewhat tenuous ties to the United States, the Court therefore finds that he poses a risk of non-appearance that cannot be adequately mitigation by conditions.

As to danger to the community:

The Court makes no findings, because the risk of non-appearance is sufficient to warrant detention.

IT IS THEREFORE ORDERED that the defendant be detained until trial.  The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant will be afforded reasonable opportunity for private consultation with counsel.  On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.  [18 U.S.C. § 3142(i)]

Dated: March 16, 2026

_____/s/_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

3